# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RHONDA A. CLARK,**

**Plaintiff,**

**-vs-** **Case No. 6:14-cv-1910-Orl-DAB**

**CAROLYN W. COLVIN,**
**Acting Commissioner of**
**Social Security,**

**Defendant.**

---

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability, disability insurance benefits, and Supplemental Security Income, alleging that she became unable to work on September 14, 2011 (R. 180-91). The applications were denied initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). On April 25, 2013, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 24-74). Plaintiff sought administrative review before the Appeals Council. The Appeals Council denied Plaintiff's request for review (R. 1-3), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her Complaint (Doc. 1), and the parties have consented to the jurisdiction of the United States Magistrate Judge. The matter is fully briefed and ripe for review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to diabetes and related heart problems, "low pulse in left foot" causing numbness, arthritis, yeast infections, and "eye [problem] hard seeing small print due to diabetes" (R. 262).

*Summary of Evidence Before the ALJ*

Plaintiff was 52 years old as of the date of the ALJ's decision (R. 24, 180), with a high school education and two years of college (R. 50, 263) and past work as a cashier/flagger, condominium associate, medical filer, office assistant, and stock person/cashier (R. 35, 51-57, 263-64).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("VE"), written forms and reports completed by Plaintiff; and opinions from examining and non-examining state agency consultants. By way of summary, the ALJ determined that the claimant has severe impairments of congestive heart failure, coronary artery disease, neuropathy, hypertension and kidney disease (20 CFR 404.1520(c) and 416.920(c)), but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 30). The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently. She is able to stand or walk for 2 hours and sit for 6 hours in an 8 hour work day. Moreover, the claimant has to take an insulin shot during lunch and at dinner breaks and should avoid unprotected heights.

(R. 31).

Relying on the assistance of the VE, the ALJ found Plaintiff was able to return to her past relevant work as a check cashier (R. 35). Therefore, the ALJ found Plaintiff was not disabled (R.36).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three objections to the administrative decision, contending that: 1) the ALJ failed to discuss the effects of Plaintiff's diabetes on her vision in making the RFC finding 2) the credibility determination is unsupported by substantial evidence; and 3) the ALJ erred on relying on the VE testimony. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As the ALJ determined that Plaintiff could perform her past relevant work, the burden was with Plaintiff at all relevant times.

*Plaintiff's Alleged Vision Impairment and the Formulation of the RFC*

Plaintiff contends that the ALJ erred in that she "failed to discuss the effects of Plaintiff's severe diabetes mellitus on her vision" when formulating the RFC at step two of the assessment. An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. A mere diagnosis

[1]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

Applied here, Plaintiff correctly notes that the ALJ did not list diabetes or "vision problems" as a separate impairment at step two, although the ALJ determined that Plaintiff's neuropathy, a residual of her diabetes, was "severe" at this step.[2] As the mere diagnosis of an impairment does not establish severity, however, Plaintiff had the burden of showing that the effect of her vision difficulties is not "so slight" or "so minimal." In her applications, Plaintiff claimed to have difficulty seeing small print and, while the evidence relating to Plaintiff's alleged visual impairment is underwhelming,[3] it substantiates this allegation.

---

[2]The ALJ also included in the RFC an accommodation of Plaintiff's need to take her insulin during the workday. Thus, although "diabetes" is not included as a separate, stand alone impairment, the ALJ considered the limitations arising from the disease.

[3]Plaintiff points to two eye examinations which occurred prior to the alleged onset (R. 355-358). While the physician diagnosed "DMII" and cataracts, no treatments were rendered, other than a prescription for glasses and a direction to continue to use over-the-counter reading glasses (R. 356).

This does not end the analysis, however, as "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Commissioner of Social Security,* 382 Fed. Appx. 823 (11th Cir. 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at step two and proceeded forward with the sequential evaluation. Thus, even if Plaintiff's vision difficulties should have been included as severe, the omission is only reversible error if the ALJ subsequently failed to fully account for functional limitations arising from them.

As pointed out by the Commissioner, the medical evidence contains no showing of functional visual limitations other than the need to wear her glasses. On August 22, 2011, Dr. Tarver performed a physical examination and noted Plaintiff's eyes showed intact EOMs,[4] with normal/unremarkable findings in PERRLA,[5] conjunctivae, and lids (R. 360). Plaintiff denied any change to her vision (R. 359-60). Plaintiff again denied any changes in vision on September 8, 2011 (R. 364), and again on January 19, 2012 (R. 580). On January 10, 2012, consultative examiner Nitin Haté, M.D. noted that Plaintiff complained of diminished far and near visual acuity (R. 558), but physical exam showed that Plaintiff's pupils were equal and reacted normally; her sclerae were clear and without icterus; conjunctivae were unremarkable; and her distant vision was 20/40 in her left and right eye, both corrected (R. 558). Plaintiff presented to Orlando Health Hospital on June 22, 2012, where physical examination of her eyes showed normal conjunctivae and PERRLA (R. 685). Plaintiff returned in January 15, 2013 (R. 630-35). During her physical exam, the physician noted normal PERRLA and EOMI, and identified no vision issues (R. 632, 634). Furthermore, state agency physician Dr.

---

[4]Abbreviation for "extraocular muscles." *See* http://medical-dictionary.thefreedictionary.com/EOMs

[5]Abbreviation for pupils equal, round, react to light, accommodation. *See* http://medical-dictionary.thefreedictionary.com/PERRLA

Krishnamurthy reviewed Plaintiff's medical records and noted that Plaintiff did not have any visual limitations (R. 99-101).

Other than records showing her diagnosis of diabetes,[6] Plaintiff does not identify evidence of functional visual limitations arising from that diagnosis that are inconsistent with the RFC. Indeed, Plaintiff reported to the agency in February 2012, that, while she has vision issues, she wears glasses and can see with them (R. 298). She stated she could watch TV from a normal distance, could use a computer without any problems and could cross the street without any problems (R. 298). At the administrative hearing, she testified that there are no limitations or restrictions on her drivers license (R. 50), and she did not testify to any limitations in her vision that effect her ability to work. In fact, Plaintiff testified as to various activities, such as injecting herself with insulin and performing cooking and cleaning chores, which necessarily require a working level of visual acuity. On this record, no error is shown.

*Credibility*

Plaintiff's next objection goes to the credibility finding made by the ALJ. According to Plaintiff, the ALJ did not adequately support the finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision" (R. 32).

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from

---

[6]Plaintiff's treatment notes from her eye doctor are not consistent with respect to whether or not she has bilateral diabetic retinopathy. Compare the February 2011 treatment note - R. 357 ("+BDR")- with the August 2011 treatment note - R. 355 ("⌀BDR").

that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ listed numerous reasons for her credibility finding (R. 32-35). Plaintiff contends that some of the ALJ's stated reasons for discounting Plaintiff's credibility are not consistent with the record; specifically, the ALJ's notation that Plaintiff had not sought regular medical treatment for "any of her impairments," that she did not require significant adjustment to her treatment, and her reference to one instance in which Plaintiff's symptoms were caused by running out of her heart medication in January 2013.

As noted by the Commissioner, the ALJ accurately noted that Plaintiff presented to her PCP Dr. Tarver after a "3 year hiatus" of medical treatment (R. 32, 359); and, while Plaintiff's medical record contains sporadic visits to the emergency room, Plaintiff did not seek regular medical treatment for any of her impairments more frequently than every six months. Moreover, the ALJ did not find that Plaintiff never required adjustments in her treatment. Rather, the ALJ stated that "none of the claimant's hospital treatments indicate that she was requires [sic] *significant* adjustment to her treatment or that her symptoms are not reversible by use of typical and noninvasive treatment" (R. 32-emphasis added). The few medication adjustments identified by Plaintiff in her brief are not inconsistent with the ALJ's statement. Further, the Court sees no error in the ALJ accurately stating that "on at least one occasion, the claimant's symptom exacerbation was due to her failure to comply

with her treatment." (R. 32, 599). As these statements are accurate and supported by the records cited, the credibility finding is not due to be disturbed.

*The Vocational Testimony*

Plaintiff's final objection is that the ALJ posited an incomplete hypothetical to the VE in that the hypothetical did not include vision limitations. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Sec.*, 363 F. 3d 1155, 1161 (11th Cir. 2004). As noted above, in the absence of a showing that Plaintiff had visual limitations that imposed work-related limitations, the ALJ was not obliged to include any in her hypothetical. The VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform her past relevant work.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 16, 2015.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record